Good morning. Welcome to Southern California. We hope you enjoy the weather here. It's going to be hot today. It's going to be different than home. That's for sure. Yes. May it please the Court, Faye Arf on behalf of Mr. Duke. And the question, the way we see this case is number one, whether or not the petition that we filed in state court for resentencing qualifies as a pending petition for purposes of the ACIPA. Let me, help me on something. It's really, I keep getting lost a little in the procedure and I want to make sure I've got it right. As I understand it, you filed a fully exhausted, unquestionably ripe petition for a writ of habeas corpus in the federal district court. Exactly. And you also have a proceeding going, or at least it was going at the relevant times, in state court because of a new law that California passed affecting sentencing. Yes. Is there anything wrong with just getting your exhausted petition for writ of habeas corpus decided by the district court and then if the sentencing petition goes wrong for you, or the sentencing proceeding goes wrong for you, then coming back with a second or successive and arguing that it fits within one of the exceptions? Well, by the way, the proceeding for resentencing is still going on. Okay. It's a fact. Okay, that fits my question. That's fine. Okay. The problem that we see is under ADEPA, it would be a successive petition. It would be a second or successive. Sometimes a second or successive can be filed and sometimes it can't. There's a list of criteria. Right. So under ADEPA, we have rhymes. We have two ways to deal with it right now. We have rhymes and then we have a Kelly stay. I would think you'd have a decent shot at being allowed a second or successive because when you filed your fully exhausted petition, the law had not yet changed. Is that right? Exactly. I can't remember. I can't either. That's why I'm asking you. It's just a bit risky. I have a little timeline in my. We have the timeline in your briefing. Okay. Thank you. Can I take another shot at this? It's a little different way. I want to make sure I understand also. Because the briefs talk past each other a little bit. You've answered the first question in response to Judge Kleinfeld, that the state action is ongoing. Yes. And I think when I'm asking the opposing counsel as well, I think it's uncontested that the arguments raised in your fully exhausted petition, 2254 petition, cannot be litigated in the state court action, right? Right. They're done. Okay. So then the question is, my next question is, did you ever ask the state, I'm sorry, federal district court to go forward? Was the idea to have your, told the statute of limitations and state the federal petition? Was that your objective? Well, that's what I wanted. I wanted them to go forward. But they dismissed it before. No, no, no. My question. Oh, I'm sorry. That's okay. Is, I just want to be clear about this, that you didn't ask to go forward. You asked to, you filed, you needed to toll at the statute of limitations, and you sought a stay. If I'm not right, I really want to know that. Yeah, that's correct. Otherwise, I wouldn't have filed a stay. That was my issue. My next question, did the state oppose the stay? The state opposed. I believe they did. I can't find it in the record. That was in order to show cause from the district court. Oh, geez. Well, that's all right. I've got the question out there, and you're both welcome to answer it when you get it. I don't have your way under other questions. No, just my question is, it seems like what's a relevant question here is whether or not this resentencing petition is a collateral proceeding under EDPA. Is that correct? Yes. Do you think that this panel can reach that question? Yes, because I did raise that. That's what I'm saying. It's a collateral petition that can stay the, that would, yes. Yeah, so I guess my only question is that, would that be an advisory opinion by this panel because it hasn't happened yet. Your client has not gone through the resentencing petition to then argue that it was a collateral proceeding. Well, I believe this court can reach the decision as to whether or not it was a collateral proceeding because if the court finds that it's a collateral proceeding, then a DEPA would be stayed. Well, yes, but you don't have that ruling yet, right? Nobody's, I think that's Judge Romantay's point. Right now, so it's a little risky, right? The clock is running or at least, what is your position to be that you can't be sure it's not running and that's your whole problem, isn't it? Yes, that is the problem. Did you ask the district court to rule on the question Judge Romantay is posing? Was the district court ever asked to rule on whether the state resentencing proceeding is collateral? No. Okay, so that hasn't been resolved yet. That hasn't been resolved yet, right? Are you in response to Judge Romantay's question? Pardon me? In response to Judge Romantay's question, is it your position we ought to reach that in the first instance? Yes, yes. I think the court can make that finding because based on that finding, the court can make the other findings as to whether or not a stay and a pay would apply or whether we should go forward with a federal petition. All right. I don't have any other questions. Do you have any other questions? Do you want to reserve some time? Yes, I would like to reserve some time. Okay. Okay. Thank you. Good morning. Supervising Deputy Attorney General Don Every for Respondent Appelli. May it please the Court. Younger abstention applies because Mr. Duke's 1172.6 petition predated his federal habeas petition. Wait a minute. Younger abstention? I've never, frankly, in all the habeas cases that I've ever had, I've never seen somebody say younger abstention applies. Younger abstention is abstention because the federal court would be enjoining state criminal proceedings or would effectively be enjoining them, even though it wouldn't be labeled as such. And it came about because in the early 60s, as I recall, in criminal cases, criminal defense lawyers got the idea of seeking an injunction in federal court, and the trips between courts would delay the whole thing for a long time. Also, if it was a civil rights case, it might prevent the state from proceeding in a way that was inappropriate. If it was a gangster case, witnesses might disappear. So anyway, the Supreme Court said that federal district courts cannot enjoin state criminal proceedings. I don't see how that has anything to do with Duke v. Castillo. Duke's not trying to enjoin state proceedings, and nothing Duke has asked for would have the practical effect similar to enjoining state proceedings. That's why it seems to me like it's just out of left field. Why are we talking younger abstention? Well, Your Honor, the state statute at issue here is pretty novel. And what it does is— It's not that novel. You get state statutes all the time that say what used to be a crime isn't, what used to be a bigger crime is a smaller crime, and it's not uncommon. Right, but the difference in this state statute is that the state didn't retroactively change the elements of murder for all purposes. It set up this unique retroactive resentencing procedure that's purely an act of leniency on one hand, but also, if successful, vacates the conviction, not just the sentence. Okay, but so far we haven't talked younger abstention. Yes, so by vacating and reducing a conviction, that produces a different remedy than what a federal habeas remedy would be, which is a reversal and potential retrial. Right, so your brief acknowledges this on page 1, which I really appreciate it. You said, although Section 1170.95 is concerned with different issues, I take that to be your concession. You've made clear later, which is these are the constitutional claims and the federal petition aren't going to be revisited, right? Correct. Okay, and then you go on and say if the 2254 petition were allowed to proceed, it could interfere with a state proceeding. Correct. So just to kind of break this down, I think you're conceding right here. If it's state, you don't have this problem here that you're discussing. Is that right? Well, Your Honor, that depends. The nature of the stay that counsel is asking for, the Kelly stay, is inapplicable. Wait, wait, wait, that's not what I asked you. You voiced your objection or concern about Kelly and Ryan's, and then you even suggested maybe it's a Pullman stay, but for a minute, if you could set aside the type of stay, because I think district courts have broad discretion to have a state action. So I just want to make sure I understand your position. If it's state, if the federal 2254 is state, is there any risk of interfering with the state court proceedings that we need to be concerned about under Younger? I think that if the federal action is paused, let's just say some kind of break, Your Honor, then there would be no risk of this kind of interference of remedies so long as the state court was able to adjudicate the petition for leniency in the interim undisturbed. Okay. Okay. Because in the state proceeding, which you're describing as novel, well, we just don't know what's going to happen, right? And we also don't know, I think, the opposing counsel's position is we don't know if this is really going to be collateral as a term of ordinance until the clock ends. Do you agree that's still unresolved? I disagree. We, a respondent, conceded below that the benefit. In this case. In this case. Except it's jurisdictional, so if you're wrong, that doesn't really get him out of his box, right? Fair, but I think that the law is pretty clear. In fact, the law cited by Mr. Duke is pretty clear. Wall v. Coley, that a collateral action, even one proceeding to leniency in state court, even one where the claim in state court is not cognizable, which our position is that these claims would not be on federal habeas, would toll. Okay, if it's collateral. And so, but that hasn't really been decided. If I were a bidding person, I think there would be a very strong argument. It's just that the risk is all on the petitioner, the federal habeas petitioner. So I'm trying to figure out what the downside is, and this is truly an invitation. What is the downside to staying at pausing the federal petition? So, Your Honor, we see a downside in the terms of what a Kelly stay would imply. I used pause because that was your word. Is there any downside? No. I think that, as we pointed out in our fallback argument regarding Pullman, which doesn't rely on all of the very specific younger factors, which I think are questionable in some ways because of the novel nature of the statute. But, no, Your Honor, if there were to be a pause in the federal case that didn't implicate our concerns about Kelly, then I don't see a problem with that. But, you know, I think, I don't think that there is a plausible argument that the limitations period is not told. I think that there is no plausible precedent. Don't we have precedent that says that if younger applies, then dismissal must be granted? Yes, Your Honor. So how in the world is prong three or four implicated here, per Judge Leinfeld's point, which is that if it's a stay, how do you get there? Right. And just analytically, don't you think that we have to start with younger based off our precedent? What precedent requires that we start with younger? Well, the fact that the young, as Judge Bumate pointed out, if younger applies. No, wait. That's a different question. The premise now is that we have to start with younger, and I'm asking you nodded your head yes, and I'm just, you two are communicating something that means you've lost me. Why would we start with younger? I'm sorry, Your Honor. That's all right. The question before this, the question presented in this case, is whether the district court correctly applied younger, which is de novo review for this court. I have a different question for you, and the one Judge Bumate presented was a different question. Do we have, would we start, analytically, would we start with younger, or are you just suggesting that we start with younger because the district court relied on it? Well, Your Honor, I think if. Is there some, the question, I'm not trying to make this hard. The question was under our precedent, we must start with younger. I know of no such precedent. That's what I'm asking. I believe that under the procedural posture of this case, we should start with younger. Because the district court relied on it. Because the district court relied on it. Different questions. I don't know. My point was that if precedent says that if younger applies, we must dismiss, why not? I mean, it seems like you start there and then work from there. Right. I think that analytically, logically, it makes sense to start with the principle that would then obviate other analysis if correct. There's a whole lot of cases where we don't start with younger. I'm just wondering how you got there. I don't see why we have to. I mean, we reviewed de novo. Well, Your Honor, if we're looking at, for example, if we were looking at, for example, the denial of the stay motion as a principle issue, it would be an abuse of discretion standard. If we're looking at the application of younger, then it is de novo. And we are because the district court applied younger. Correct. So in your valiant efforts, no good deed goes unpunished. I know you're trying to answer Judge Lomate's question. Yes. So let's just posit that you start with younger so that we can get you to make sure you have an opportunity to answer the question. So with respect to the younger prongs and why they apply. Number three. Right. So number three, we accept and agree wholeheartedly with the principle that federal constitutional claims attacking the nature of the murder conviction may not be raised in the state 1172.6 action. We certainly have argued that in state court, and that's our position. However, the third prong of younger more broadly, the animating principle behind it in the words of younger is that when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. So the remedy at law under the state proceeding here is vacator of the murder conviction and resentencing to a crime that very likely will result in time served. Is that what you've argued in your brief? You've argued on page one of your brief that he has an adequate remedy because he would have the potential to reduce his sentence to time served. Correct. If granted, the murder would be vacated and reduced presumably very likely to the crime of assault, and that would very likely under California law result in time served. So that is an argument why the federal petition surely cannot go forward while the state petition is pending. True. And why the third prong of younger, even though it's only the state proceeding regarding this new statute, he's got an exhausted habeas petition, and somehow you're deriving from other principles the notion that the exhausted state habeas petition, which has nothing to do with the change in California law, can't go forward because maybe the pending state proceeding, the ongoing state proceeding, would moot it out basically. Not just moot it out, but also, but I don't see where that does you any good at all because he's got an exhausted habeas petition, and none of that, if he loses in the state proceeding, none of this exhausted habeas petition gets decided under your analysis of the case. It's dismissed, and then it's too old. It misses the statute of limitations of the HEDPA one-year bar. It seems like what you're saying is, well, just because he's got another arrow, this change in state law, he can never shoot his first arrow. No, Your Honor. The statute of limitations is told. There's no dispute about that between the parties here. So he won't lose his federal habeas. The clock will be running again if you keep your dismissal. He has five months. I want to follow up on this part. You suggest that he has five months. Maybe he has five months. But the problem I have is if you adopt the rule that you're suggesting, it would be the same rule if he had five days because you're really suggesting the district court didn't have the discretion to pull the statute, and that's what worries me, Counsel. Well, Your Honor. Is that your position? It is. She could not have told? Excuse me? She could not have stayed, or that's my word, paused, to use your word. She could not have. Is that really your position? No, Your Honor. Your Honor, I'm not, you know, she could not have issued a Kelly stay. Back to kinds of stays. Right. Nor a Ryan stay, Your Honor, obviously. But my question, and I know I'm just giving you a hard time, but your day is about to get better because you're almost out of time. Is it the state's position, and it would be helpful to me if I could get your answer, is it the state's position that the district court did not have the discretion to state the federal action? She really couldn't have done that. I'm not aware of any specific authority that she could have cited other than, I suppose, the general ability to control a court's docket and stay in action. You know, generally speaking, that would have sufficed to do that. But if I could just make one final point. The magistrate below here issued an order to show cause on Younger. There is no bar explicitly, with the exception of perhaps a vexatious litigant issue, to dismissing and refiling the state action here. So in response to that OSC, Mr. Duke could have simply dismissed the state petition and finished litigating his federal habeas and then gone back and filed a new state petition. And not only is there no explicit bar to. Marking that to us. Excuse me? Did you write that in our briefs here? No, that didn't arise. But what was pointed out in the briefs below is that SB 775 recently amended the state petition process. So on that basis, certainly Mr. Duke would have been able to file a new state petition because the law had changed since the last time his petition was filed. So he made the choice. You know, setting aside the nature of the tolling and setting aside all the things we said that would protect him, even if this was younger dismissed, he still had the choice to dismiss the state petition and chose not to do that. It's asking a lot, right? That state petition, as you know, had gone up. The Supreme Court had sent it back down. He's, I think, in line for an evidentiary hearing. The idea that he would then take the chance of dismissing that seems to be pretty tall order. Under the state procedures, he would lose nothing in that regard. Keep assuring us of that. You know very well what our jurisdiction jurisprudence looks like, and it just seems to me like all of the risk is on one side, and I'm struggling and then we're going to let you sit down. But is there any downside to pausing, staying in the federal action? Absent the implications that would go along with Kelly, I don't think there's a downside to some sort of generic pause in the federal action. Fair enough. I can't see why he would dismiss. It's not like he has a mixed petition pending. If he did have a mixed petition, stay would be appropriate under the line of authorities following Rose v. Lundy. And if he doesn't have a mixed petition, there's no reason in the world for him to dismiss anything. Well, Your Honor. His exhausted petition decided, and then he can see how things go on this new state law. Well, Your Honor, I think the salient point here that I probably should have made earlier is that Mr. Duke has never told us what he wants to exhaust. So if he wants to use SB 1437 in the law that created the state petition process to shoehorn some sort of federal constitutional claim tied to the state leniency statute, which is what he's implying by saying he wants a Kelly stay, without telling us what this claim would be, that's improper. There's no reason for him to even figure out what the claim would be until and unless the occasion arises for him to make the claim. I disagree, Your Honor. I think that to get a Kelly stay, he would have to tell us what the claim is he wants to exhaust, even if it's not in the petition, which is fully exhaustive. I think your point is well taken. The district court didn't have any express authority from this court authorizing this type of stay, and Kelly is not a precise fit. But Judge Wilmerheim has been eagerly waiting to try to get his last question in. Thanks. So just you rely on prompte by saying that we set this in petition to result in vacatory, and so therefore he would get that remedy. But as I read the majority of the district courts that have agreed with the district court here, that they rely on the principle that he had an opportunity to bring his constitutional challenges in other previous state court proceedings. What's wrong with that argument? To me that seems stronger. Do you approve of the premise? Do you approve of that premise? My reading of those other decisions is that they, I think at least part of them, believe that the federal constitutional claims could be shorn into the 1172 petition, and I disagree with that. Did some of those cases seek to stay the state cases? Excuse me? Didn't some of those cases also seek to stay the state proceedings? To stay the state proceedings? Uh-huh. I remember that there were a few cases, either at Mr. Duke, in which they agreed with the federal amicus petitioner to stay the federal case, in a way that I would disagree with. But I'm not aware of any stay of the 1172 petition. Do you have anything else in response to Judge Bomette's question? You're way over time. I think that, you know, if the petitioner has exhausted their, you know, state amicus process, that is a completely separate, those claims are completely separate from what may be considered under the 1172.6. All right. But then, why does that not satisfy problem three? Because he's had an opportunity to present his constitutional claims in state proceedings. I guess the question is, does promptly required have to be one proceeding, or it could be the whole totality of proceedings prior to this case? That's an interesting question. I hadn't thought about that. Typically, Younger is concerned with comparing the two active cases, the state and the federal case. And avoiding interference. And avoiding interference. Correct. So if there was a state amicus case, for example, that had been completed fully, I'm not sure that that would play into the Younger prongs. Great. Yeah. Well done. And for those reasons, Your Honors, I would urge this court to affirm the district court's denial without prejudice of the petition under Younger. I appreciate your patience with all of our questions. We'll hear from the public counsel. Thank you. Thank you. I did look at my timeline, which is on page four of my reply brief. And what happened was a DPA deadline was set to run on June 10th, 2019. And we had a collateral preceding the 1170.95 petition in the L.A. Superior Court that was going on appeal. So not knowing what this collateral proceeding, not knowing the impact of the state proceeding, we went ahead and filed a federal petition on May 30th, which was about ten days before the deadline. Okay. So. Were they proposing counsel's position that you could have, your client could have dismissed the resentencing petition and we filed it after the federal amicus petition is adjudicated? I don't know why he would want to do that. I mean, here's a guy who says I'm innocent under this new law. Why would I dismiss my federal claims? Well, no. You're dismissing your state claim. State claim. No. But it's not with prejudice. You're just letting the, I mean, your client's also saying his federal constitutional rights were violated. So why not adjudicate that first? No. Because just looking at it from my client's standpoint, he says he's innocent. Okay. There's a statute that came out that. Well, I thought that we said it's a decision not about innocence. It's about that this law is now recategorized. And so as an act of leniency, as the custom counsel says, they're going to release or vacate the sentence. Well, it just seems logically you would want to go through the state proceeding before you went through all the federal court proceedings. President, can I just back up to Judge Bote's question? Because I think it's a really good question. If you're describing the state proceeding somewhat differently, my understanding is the definition of malice has been changed. Is that not right? Yes. And my client was an aider and a better. There's a question whether or not the aider, whether it was under this probable consequences doctrine versus a direct aider and a better. And according to the facts, he was not the killer. He just happened to be around. So if that were true, then his case should have been dismissed, or his murder case should have been dismissed, and he might have been held on something else. But my understanding just logically is you want to finish all the state stuff before you get to the federal stuff. I mean, why would – Why? What's the logic in that? Well, that's just the way it's been. Otherwise, why not just go to federal court with one – I mean, this state proceeding is very unique. It's not – I don't think I've encountered that before. It's very unique, so, yeah. Yeah. Well, normally you go through the state before you get into federal court. Because there's significant barriers to presenting any second piece of federal – Exactly. Right. Yes, exactly. And then meanwhile – We're all aware of that. It's just the sort of elephant in the room. But it's not that I think anyone here is unaware of that. Yes. Okay, yes. And then also you have to look at it. Why would this proceeding be different than any other collateral proceeding where the stay and abate would apply? Right. So, you're just about out of time. Do you want to wrap up, please? Okay. So, there's something new. Basically, the case should have been stayed and abate or gone forward with the federal petition. You can't dismiss a fully exhausted petition. So, normally, under Kelly or I think it's Rose v. Lundy, you can't go forward with a mixed petition. So, you either have to give the person a chance to go forward with a fully exhausted petition and get rid of the unexhausted petitions. So, that's where we are. None of these other cases, the younger, the Pullman Doctrine, they didn't have a DIPA deadline, which we have. So, before it really probably wouldn't matter because you could always bring it up later. But now we have a deadline. So, we had to file the federal petition in order to protect Mr. Duke under a DIPA. Yes. Do you mind if I ask a question? No, no, no. I think you're right that it's contrary to federal law for a district court to dismiss a fully exhausted habeas petition, period. Yes. And all I can figure out here is the question would then be can it become not fully exhausted because something new comes up after that on account of a change of state law? I don't think so. I think it's still fully exhausted. But I do think that under a DIPA we need a stay because we don't know what's going to happen with the new issue. You're afraid of the time running out on your part. Yes. That's what we're trying to protect. I'm thinking maybe the district court needs a stay because if you win and that's under that new state law, you're going to dismiss your own petition. You won't need it. Exactly. Exactly. It makes a lot of sense. Because the guy was guilty of murder when the death occurred. And now the state says if you were just an aider and abetter, you didn't do it. Right. Is that the crux of your position? Yes. Well, apparently under just the California law, if he's a direct aider and abetter, he's still guilty. The question is whether he just thought there was going to be an assault with a deadly weapon or something else, and as a natural and probable result of that, he got convicted of murder. So they're saying. Like watering down felony murder. Yes. Yeah, felony murder and then the natural and probable consequences. So direct aider and abetters are still liable for the murder because they helped. But if they didn't know it was going to go down like that. The guy may be just plain not a murderer. Right. And if he says, gee, I didn't know, and the jury or judge or whoever decides this believes him. Yes. So for your argument. Thank you very much for your argument. We appreciate your patience with all our many questions very much. We'll go on to the next case on that calendar, which is 21-56356. Sure.
judges: KLEINFELD, CHRISTEN, BUMATAY